```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
                                                                  :
HAFAD H. ALSHAARY,                                                :
                                                                  :
                                        Plaintiff,                :    1:23-cv-8876-GHW
                                                                  :
                    -v –                                          :    ORDER
                                                                  :
C/O CITADEL PROPERTY MANAGEMENT,                                  :
et al.,                                                           :
                                                                  :
                                        Defendant.                :
                                                                  :
----------------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/9/2023

GREGORY H. WOODS, United States District Judge:

Plaintiff commenced this action pro se on October 6, 2023 against Defendants, seeking $120,000 in damages. Dkt. No. 1 (the "Complaint"). Plaintiff, who resides in New York, New York, brought this action against Defendants, who also allegedly reside in New York, New York. *Id.* at 3–4. Plaintiff alleged that Defendants violated his rights as a tenant by closing his business without a court order or eviction notice. Plaintiff's allegations that Defendants closed and evicted his business do not appear to arise under federal law, nor does Plaintiff plead facts suggesting that he and all of the defendants are citizens of different States. Accordingly, the Court issued an order to show cause why the action should not be dismissed for lack of subject matter jurisdiction on October 12, 2023. Dkt. No. 4.

On November 8, 2023, Plaintiff submitted a letter in response to the Court's order to show cause. Dkt. No. 5. The letter does not plead facts suggesting that the Court has subject matter jurisdiction. Specifically, the letter mentions emails, presumably from the plaintiff to the landlord, indicating that the plaintiff "was not able to open [the] store," presumably following the eviction; and it asserts that Defendants "would not take any amount [of] payment" from Plaintiff. *Id.* at 1. The letter also mentions an alleged "email showing checks [that have] been cashed to [the] company

for rent and deposited," as well as photographs allegedly "showing [that the Plaintiff's] store [was] closed by [the] landlord," photographs allegedly "showing [that the] store was empty & closed," "emails [allegedly] showing [the] landlord & lawyers accepting contract terms," and an "email [allegedly] showing [a] board member was at fault," presumably in reference to closing the plaintiff's store. *Id.* In addition, the letter included a statement of damages, *id.* at 4; a series of screenshots that appear to be emails between the plaintiff and his landlord, discussing the lease and apparent nonpayment issues, *see id.* at 5–15, 20, 25–33; screenshots of what appear to be photographs of checks, *id.* at 16–18; a scanned portion of a letter that appears to be from an attorney representing the landlord that purports to "serve[] as formal notice of default . . . under the terms of the Lease," *id.* at 19; and a series of other images that Plaintiff believes are relevant to his case, *id.* at 20–24.

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the fees, if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Even construing the pro se plaintiff's complaint and his November 8, 2023 letter to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006), nothing in the complaint or this letter indicates that the Court has federal question or diversity jurisdiction pursuant to 28 U.S.C. § 1331 or 28 U.S.C. § 1332. Therefore, Plaintiff fails to state a claim under federal law. Because Plaintiff has not adequately pleaded federal question or diversity jurisdiction, the Court lacks jurisdiction over this action pursuant to either 28 U.S.C. § 1331 or 28 U.S.C. § 1332 and must dismiss the action. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

The Court grants Plaintiff leave to amend his complaint. But it notes that "federal courts are courts of limited jurisdiction . . . ." *Gottlieb v. Carnival Corp.*, 436 F.3d 335, 337 (2d Cir. 2006) (quotations omitted). In contrast, state courts are courts of "general jurisdiction," and plaintiffs in

state court need not show that a federal question or diversity of citizenship exists in order to assert causes of action under state law. *Id.* A dismissal for lack of jurisdiction in federal court does not prevent Plaintiff from bringing his action in state court. If Plaintiff wishes to amend his complaint in this federal-court action, he must do so no later than November 23, 2023.

The Clerk of Court is directed to mail a copy of this order to Plaintiff.

SO ORDERED.

Dated: November 9, 2023

_____
GREGORY H. WOODS
United States District Judge